```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

                                    *
COLUMBUS BANK & TRUST COMPANY
f/d/b/a SYNOVUS LEASING COMPANY     *
and d/b/a SYNOVUS CAPITAL
FINANCE,                            *       CASE NO. 4:07-CV-189 (CDL)

      Plaintiff,                    *

vs.                                 *

                                    *
McKENZIE TRUCKING & LEASING LLC,
STEVE A. McKENZIE, BRIAN E.         *
ALLSMILLER, DANIEL C. TROTT,
WILLIAM S. CAMPBELL, and GREG L.    *
STEELE,
                                    *
      Defendants.
```

O R D E R

This case arises from a breach of contract by Defendant McKenzie Trucking and Leasing LLC ("McKenzie Trucking"). Presently pending before the Court is Plaintiff Columbus Bank & Trust Co.'s ("CB&T") motion for summary judgment (Doc. 46). For the following reasons, CB&T's motion is granted.

FACTUAL BACKGROUND

On December 23, 2004, CB&T entered into a Master Lease Agreement with Resource Leasing Services, LLC. Under the Master Lease Agreement, Resource Leasing agreed to lease or finance the purchase of "Equipment" from CB&T pursuant to schedules periodically executed

1

by the parties.[1]  (Ex. B to Pl.'s Mot. for Summ. J. at ¶ 1.)  CB&T and Resource Leasing entered into Schedules 8, 9, and 10 on August 15, 2006, November 30, 2006, and December 28, 2006 respectively.  Under each of these Schedules, CB&T and Resource Leasing agreed that Resource Leasing would lease or finance the purchase of various pieces of equipment from CB&T.  (*See generally* Exs. C, D, & E to Pl.'s Mot. for Summ. J.)

On December 29, 2006, Resource Leasing and Defendant McKenzie Trucking entered into an Assignment and Assumption Agreement (the "Assignment Agreement").  Under the Assignment Agreement, Resource Leasing assigned to McKenzie Trucking all of its rights and obligations under the Master Lease Agreement and the associated Schedules.  (Ex. F to Pl.'s Mot. for Summ. J at 2 ¶ 3.)

On January 16, 2007, CB&T and Defendant McKenzie Trucking entered into an Assignment of Interest in Sub-Lease Agreements (the "Sub-Lease Assignment").  Under the Sub-Lease Assignment, McKenzie Trucking agreed to assign CB&T its right to payments due under certain sub-lease agreements.  (Ex. G to Pl.'s Mot. for Summ. J. at 1.)  To induce CB&T to enter into the Sub-Lease Assignment, Defendants Steve A. McKenzie, Brian A. Allsmiller, Daniel C. Trott,

---

[1] The Master Lease Agreement granted CB&T an ownership interest or a first priority security interest in the "Equipment" referred to in the Master Lease Agreement.  (Ex. B to Pl.'s Mot. for Summ. J. at ¶ 9.)  This "Equipment" included large trucks and related machinery as well as accounts receivable, documents, and payment rights arising out of the sale, lease, or disposition of the trucks.  (*E.g.*, Ex. C to Pl.'s Mot. for Summ. J. at 3.)

William S. Campbell, and Greg L. Steele (collectively, the "Guarantor Defendants") executed guaranties which jointly, severally, and unconditionally guarantied McKenzie Trucking's obligations to CB&T under the Master Lease Agreement and the accompanying Schedules. (*See, e.g.,* Ex. H to Pl.'s Mot. for Summ. J. at ¶ I.)  On April 25 and 26, 2007, CB&T and McKenzie Trucking entered into Schedules 11, 12, and 13.  Like Schedules 8-10, Schedules 11-13 obligated McKenzie Trucking to lease or finance the purchase of equipment from CB&T in exchange for monthly payments.  (Exs. I, J, & K to Pl.'s Mot. for Summ. J.)

In the fall of 2007, McKenzie Trucking defaulted under the Master Lease Agreement when it became more than ten days past due on its obligations under Schedules 8-13.  On November 6, 2007, CB&T demanded payment of the total amount due under the Master Lease Agreement and Schedules.  (Ex. L to Pl.'s Mot. for Summ. J.) McKenzie Trucking failed to satisfy its past due obligations, and it apparently stopped making the payments due under the Master Lease Agreement and the Schedules altogether.  (*See, e.g.,* Ex. R to Pl.'s Mot. for Summ. J. at 4.)  On November 21, 2007, CB&T filed a complaint in the State Court of Muscogee County alleging that McKenzie Trucking and the Guarantor Defendants were liable for breaching the provisions of the Master Lease Agreement and the Schedules.  (*See generally* Ex. M to Pl.'s Mot. for Summ. J.) Defendants removed the case to this Court on December 27, 2007.

On March 26, 2008, CB&T filed a Verified Petition for Writ of Possession against McKenzie Trucking.  The Court granted CB&T's petition and entered a writ of possession requiring McKenzie Trucking to post a bond in the amount of $2,711,841 on or before May 5, 2008 if it wished to retain its collateral.  (Order & Writ of Possession 2 ¶ 1A(a), Apr. 21, 2008.)  The writ also required McKenzie Trucking to post additional bonds monthly.  (*See id.* ¶ 1A(b)-(d).)

On May 16, 2008, CB&T and McKenzie Trucking entered into an agreement under which CB&T agreed to extend the deadline for posting the bond (the "Forbearance Agreement").  In consideration for this extension, McKenzie Trucking agreed to sell certain trucks so that it could make a $3,500,000 partial payment on its outstanding debt by June 15, 2008.[2]  (Ex. R to Pl.'s Mot. for Summ. J. at 6 ¶ 4(a).)  In the Forbearance Agreement, McKenzie Trucking expressly acknowledged its default under the Master Lease Agreement and the amount owed to CB&T.  (*Id.* at 5 ¶¶ 2, 3.)  Additionally, each Guarantor Defendant, except Defendant Campbell, executed a "Guarantor Acknowledgment" individually acknowledging McKenzie Trucking's default and the Guarantor Defendants' resulting obligations.  (*E.g.*, Ex. S to Pl.'s Mot. for Summ. J. at 3 ¶ 2.)  The Guarantor Acknowledgments also stated, "Any default under the Forbearance Agreement obligates Guarantor to pay the outstanding accelerated indebtedness owed."

---

[2]The Forbearance Agreement expressly provided that the $3,500,000 partial payment was not contingent on the sale of the trucks mentioned in the Forbearance Agreement.  (Ex. R to Pl.'s Mot. for Summ. J. at 6 ¶ 4(a).)

4

(*E.g.*, *id.* at 3 ¶ 4.)  The Court subsequently granted a joint motion by the parties to stay litigation and extend McKenzie Trucking's deadline for posting the bond until June 16, 2008.  (Order ¶ 2(a), May 22, 2008.)

On June 9, 2008, the parties modified the Forbearance Agreement so that McKenzie Trucking would be permitted to pay approximately half of the attorney fees it owed by June 5, 2008 and the other half by June 16, 2008.  (Ex. V to Pl.'s Mot. for Summ. J. at ¶ 1.)  In consideration for this modification, McKenzie Trucking indicated that it was selling thirty-nine trucks for $338,500 and would remit the payment directly to CB&T.  (*Id.* ¶ 2.)  The modification agreement expressly stated that "[a]ll other terms and conditions of the Forbearance Agreement are adopted and incorporated by reference into this Modification of Forbearance Agreement, and the terms and conditions of the Forbearance Agreement remain in full force and effect."  (*Id.* ¶ 5.)  McKenzie Trucking did, in fact, make the initial $150,000 payment towards CB&T's attorney fees as well as the $338,500 payment referenced in the Modification Agreement.  (Tikkanen Aff. ¶¶ 6, 7, July 1, 2008.)  However, McKenzie Trucking failed to satisfy the remainder of its contractual obligations by failing to (1) pay CB&T $3,500,000 by June 15, 2008; (2) post a bond in the amount of $3,470,010.20 by June 16, 2008; and (3) pay CB&T $165,000 towards its outstanding attorney fees.  (*Id.* ¶¶ 8, 9, 10.)

DISCUSSION

**I.   Summary Judgment Standard**

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c). The moving party has the burden of showing that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Once the moving party has met its burden, the burden shifts to the non-moving party to show that there *is* a genuine issue of material fact.  *Id.* at 324.  A fact is material if it "might affect the outcome of the suit."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  There is a genuine issue if the evidence would allow a reasonable jury to find for the non-moving party.  *Id.*  In other words, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52.

In determining whether the parties have met their respective burdens, the Court resolves "all reasonable doubts about the facts in favor of the non-movant, and draw[s] all justifiable inferences in his . . . favor."  *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (internal quotation marks and citation omitted).

Additionally, "[i]f reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." *Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988) (internal quotation marks and citation omitted).

**II. CB&T's Claims**

    A.   <u>Liability for Breach of Contract</u>

CB&T seeks summary judgment on its breach of contract claims against each Defendant except Defendant Campbell. (Pl.'s Mem. Supp. Mot. for Summ. J. 1 n.1.) CB&T argues that summary judgment is appropriate as a matter of law because these Defendants have expressly acknowledged that (1) they are in default of the Master Lease Agreement and Schedules and are therefore liable for $11,512,003 under those contracts and (2) they are liable for more than $165,000 in unpaid attorney fees and costs, in addition to any other charges that continue to accrue. The Court agrees.[3]

The record establishes that every Defendant, except Defendant Campbell, signed documents acknowledging their liability under the contracts at issue in this case. In the Forbearance Agreement, McKenzie Trucking acknowledged that it "became more than ten (10) days past due on its payment obligations to [CB&T] under Schedules 08-13 . . . . This delinquency constituted a default under the

---

[3] Defendants fail to produce evidence to refute CB&T's factual allegations and do not appear to contest their liability for breach of contract at all.

Master Lease Agreement." (Ex. R to Pl.'s Mot. for Summ. J. at 4.) McKenzie Trucking also acknowledged that (1) CB&T "is entitled to exercise its rights under the Lease Documents and applicable law," (*id.*); (2) "McKenzie Trucking has not made a scheduled payment to [CB&T] in over four (4) months and currently owes . . . $11,850,503.94 . . . plus litigation costs, all of which is immediately due and payable," (*id.* at 5 ¶ 2); and (3) CB&T "is entitled to accruing charges and attorney's fees" and costs of collection (*id.* at 5 ¶¶ 2, 3).

Likewise, each Guarantor Defendant, except for Defendant Campbell, signed a Guarantor Acknowledgment of the Forbearance Agreement. Each Guarantor Defendant who signed the Guarantor Acknowledgment agreed that

> as of the Execution Date, McKenzie Trucking and Guarantor owe [CB&T] $11,850,503.94 on the Obligations, plus litigation costs, all of which is immediately due and payable. Guarantor acknowledges that [CB&T] is entitled to accruing charges and attorney's fees. Guarantor acknowledges that he is liable for the Obligations and accruing charges and attorney's fees.

(Ex. S to Pl.'s Mot. for Summ. J. at 3 ¶ 2.)

"The elements of a right to recover for a breach of contract under Georgia law are simply the breach and the resultant damages to the party who has the right to complain about the contract being broken." *See, e.g., Bartholomew v. AGL Res., Inc.*, 361 F.3d 1333, 1339 (11th Cir. 2004) (internal quotation marks omitted). The undisputed record evidence conclusively establishes (1) the existence

of a contract; (2) a breach of that contract; (3) damages suffered by CB&T; and (4) acknowledgment of liability by Defendants McKenzie Trucking, McKenzie, Allsmiller, Trott, and Steele. Because no genuine issues of fact remain as to these Defendants, Plaintiff is entitled to summary judgment as a matter of law against Defendants McKenzie Trucking, McKenzie, Allsmiller, Trott, and Steele.

### B. Finality of Judgment

Defendants do not appear to dispute their liability. Instead, they argue that CB&T should not be permitted to seek a final judgment as to fewer than all of the Defendants in this case.

Federal Rule of Civil Procedure 54(b) provides that

> [w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Courts employ a two-part test to determine whether to certify a judgment as final when such judgment resolves a case as to fewer than all parties or claims. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). First, the Court must determine whether its order constitutes a final judgment; second, the Court must determine whether "no just reason for delay" exists. *See id.*

### 1. *"Final Judgment"*

"A district court must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp.*, 446 U.S. at 7. A decision is a "judgment" if "it is a decision upon a cognizable claim for relief." *Id.* A judgment is "final" if "it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (internal quotation marks omitted). It is beyond reasonable dispute that granting a motion for summary judgment in favor of CB&T will dispose of CB&T's breach of contract claims as to every named party in this case except Defendant Campbell. The judgment sought by CB&T constitutes "a decision upon a cognizable claim for relief" and is the "ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (internal quotation marks omitted). It is therefore a "final judgment" for purposes of Rule 54(b).

### 2. *"No Just Reason for Delay"*

"Once having found finality, the district court must go on to determine whether there is any just reason for delay." *Curtiss-Wright Corp.*, 446 U.S. at 8. In deciding whether there is just reason for delay, the district court serves as a "dispatcher" and "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.* (internal quotation marks omitted). In determining whether no "just reason for delay"

exists, "a district court must take into account judicial administrative interests as well as the equities involved." *Id.* Consideration of the judicial administrative interests involved in a case "is necessary to ensure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997) (internal quotation marks omitted).  Consideration of the equities of a case "serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." *Id.*  Because analysis of

> these factors will often suggest contrary conclusions, Rule 54(b) certifications "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."

*Id.* (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).

With respect to the consideration of judicial administrative interests, Defendants contend that the entry of a final judgment in this case would promote piecemeal litigation and that the claims against the majority of the Defendants are inextricably intertwined with the claims against Defendant Campbell. *See, e.g., Curtiss-Wright Corp.*, 446 U.S. at 8 (identifying relevant factors as "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already

11

determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals"). Neither argument is persuasive. Defendants do not contest their liability in this case; therefore, any appeal of the merits of the case is unlikely. In addition, Defendant Campbell's position in this case is materially different from that of the remaining Defendants. Defendant Campbell did not sign a Guarantor Acknowledgment of the Forbearance Agreement, and thus Plaintiff will have to prove his liability for breach of contract in some other manner. Defendant Campbell's claim is therefore separable from the claims of the remaining Defendants.

With respect to the Court's consideration of the equities, Defendants' sole argument is that it would be unfair for CB&T to seek a final judgment against fewer than all of the Defendants. Given the substantial sums owed under the contracts in this case and Defendants' spotty payment history, CB&T certainly has reason to doubt the long-term solvency of Defendants. The Court therefore finds that the equities weigh in favor of permitting Plaintiff to secure a final judgment against the similarly-situated Defendants in this case, particularly when these Defendants have already acknowledged that they are jointly and severally liable for the amounts in question. *See Curtiss-Wright Corp.*, 446 U.S. at 6-7 (recognizing that solvency of a party may be a factor in 54(b) analysis).

CONCLUSION

In sum, the Court finds that no genuine issues of material fact exist as to CB&T's breach of contract claims against each Defendant except Defendant Campbell, and CB&T's Motion for Summary Judgment (Doc. 46) is therefore granted.  The Court also finds that there is no just reason for delaying the entry of a final judgment in this case.  The Clerk is therefore directed to enter a final judgment against Defendants McKenzie Trucking & Leasing, LLC, Steve A. McKenzie, Brian A. Allsmiller, Daniel C. Trott, and Greg L. Steele in the amount of $11,512,003.00.

IT IS SO ORDERED, this 2nd day of October, 2008.

        S/Clay D. Land
        CLAY D. LAND
UNITED STATES DISTRICT JUDGE